UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS, CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:96CV976 CDP |
| RKK INDUSTRIAL SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

On November 28, 2006, I issued a show cause order requiring defendant RKK Industrial Services, Inc. to show cause, by January 16, why the judgment should not be revived as requested by the plaintiffs. At that time, I also ordered plaintiffs to serve a copy of that order upon defendant and to promptly file proof of service. Plaintiffs did not file proof of service with this court, but instead initially requested additional time in which to serve RKK. In their most recent filing, plaintiffs have acknowledged their inability to serve RKK, but request that I revive the judgment against RKK anyway. Plaintiffs assert that their inability to serve RKK is due to RKK's failure to inform plaintiffs or this court of its updated address. Additionally, plaintiffs assert that RKK's due process rights will not be

violated by reviving the April 15, 1997 judgment. I disagree, and therefore, will deny plaintiffs' motion to revive.

Missouri Supreme Court Rule 74.09 governs revival of judgments in this Court. That rule states that the "order to show cause <u>shall</u> be served pursuant to Rule 54 on the judgment debtor, his successor in interest, or his legal representative." Mo. Sup. Ct. R. 74.09 (emphasis added). Under Missouri law, generally, the use of the word "shall" removes any discretion and makes the requirement mandatory. See <u>In re C.W.</u>, 211 S.W.3d 93, 97 (Mo. 2007); see also <u>Hanks v. Rees</u>, 943 S.W.2d 1, 4 (Mo. Ct. App. 1997). Therefore, the show cause order must be served upon RKK before I can revive the 1997 judgment.

Additionally, a court lacks the power to adjudicate when the requirements for manner of service are not met even in cases for revival of judgments. See <u>F.A. Chapman v. Commerce Bank</u>, 896 S.W.2d 85, 88 (Mo. Ct. App. 1995). In <u>Chapman</u>, the plaintiff also filed a motion to revive a judgment pursuant to Rule 74.09 and failed to serve the defendants. Although the defendants actually appeared for the hearing on the show cause order, they contested service. The trial court revived the judgments over the defendants' objections. The Court of Appeals remanded and found that the trial court's order granting the revival of judgments was void for lack of personal jurisdiction because the defendants had

not been served. Id. Therefore, I cannot grant plaintiffs' motion in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a revival of judgment [#22] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2007.